Kurt Opsahl, Esq. (Cal. Bar # 191303) (*pro hac* pending)
Mitchell L. Stoltz, Esq. (D.C. Bar # 978149) (*pro hac* pending)
Nathan D. Cardozo, Esq. (Cal. Bar # 259097) (*pro hac* pending)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: kurt@eff.org

Paul D. Ticen, Esq. (AZ Bar # 024788)
Kelley / Warner, P.L.L.C.
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Tel: 480-331-9397
Fax: 1-866-961-4984
Email: paul@kellywarnerlaw.com

Attorneys for Defendant-Movant JOHN DOE "DIE TROLL DIE"

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| PRENDA LAW, INC., <br><br> Plaintiff-Respondent, <br><br> v. <br><br> PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10 <br><br> Defendant-Movant. | Case No. _____ <br><br> **DEFENDANT-MOVANT JOHN DOE "DIE TROLL DIE"'S REQUEST FOR LEAVE TO FILE OVERSIZED MEMORANDUM IN SUPPORT OF MOTION TO QUASH** <br><br> [Fed. R. Civ. Pro. 45(c) and L.R. Civ. 7.2] |

Defendant-Movant John Doe, a.k.a. "Die Troll Die" ("DTD") respectfully requests that this Court grant leave to file an oversize memorandum in support of DTD's Motion to Quash the Subpoena to Wild West Domains Seeking Identity Information ("Motion to Quash"). Although the undersigned as made every effort to comply with this Court's page limit, DTD's memorandum, attached to this Request as Exhibit A, exceeds the 17 page limit of Local R. Civ. Pro. 7.2(e) by 7 pages. This request is made on the basis that DTD's Motion to Quash must respond to every factual allegation and substantive claim against him made by Plaintiff-Respondent Prenda Law, Inc. in its 147 paragraph, eight count Amended Complaint, asserting libel per se, false lights, tortious interference with a contract, tortious interference with a business expectancy, and civil conspiracy.

As discussed in the Motion to Quash, DTD will move this Court to quash Prenda Law's February 27, 2013 subpoena to non-party Wild West Domains because the Subpoena fails to meet the First Amendment requirements demanded of litigants attempting to use the discovery process to obtain identity-related information regarding anonymous online speakers. *Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *4 (D. Ariz. July 25, 2006) (citing *Doe v. Cahill*, 884 A.2d 451, 456 (Del. 2005)). Most importantly, all of the causes of action are based on speech that, while often critical of Prenda Law, is protected by the First Amendment. Second, DTD is the operator of an online message board and, under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c), DTD cannot be held liable for the allegedly defamatory statements of others posted on his message board.

Of particular note, the *Cahill* test, requires that Plaintiff

> submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question. . . . [*i.e.*], [Plaintiff] must introduce evidence creating a genuine issue of material fact for all elements of [the] claim within plaintiff's control.

*Cahill*, 884 A.2d at 460-61.

Plaintiff's sprawling, 147 paragraph complaint catalogs dozens of separate statements made by various identified and unidentified defendants over the course of more

than 30 paragraphs and 60 exhibits. In order for DTD to effectively demonstrate that Plaintiff has failed to meet its burden under *Cahill*, the Motion to Quash must not only provide this Court with the applicable factual, procedural, statutory, and constitutional background for the Motion, but explain how each of more than a dozen statements that Plaintiff has alleged was actually made by DTD is lawful. Additionally, DTD must address the significant body of case law regarding the First Amendment right to anonymous speech as applied in the online context, as well as the statutory protections of Section 230, all of which is highly relevant to the questions before the Court. DTD's Motion to Quash therefore includes substantial analysis of Plaintiff's underlying claims, akin to what would generally be included in the separate statement of facts accompanying a motion for summary judgment. *See Cahill*, 884 A.2d at 460.

For these reasons, DTD respectfully requests this Court grant leave to exceed the page limit for his Motion to Quash. A proposed order and DTD's proposed Motion to Quash accompany this filing.

DATED:  April 16, 2013                    Respectfully submitted,

By:  /s/ Paul D. Ticen
    Paul D. Ticen, Esq.
Kelley / Warner, P.L.L.C.
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281

Kurt Opsahl, Esq.
Mitchell L. Stoltz, Esq.
Nathan D. Cardozo, Esq.
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

Attorneys for Defendant-Movant
JOHN DOE "DIE TROLL DIE"

## CERTIFICATE OF FILING AND SERVICE

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on April 17, 2013, I electronically filed:

**DEFENDANT-MOVANT JOHN DOE "DIE TROLL DIE"'S REQUEST FOR LEAVE TO FILE OVERSIZED MEMORANDUM IN SUPPORT OF MOTION TO QUASH**

with the U.S. District Court clerk's office using the ECF system. Through electronic mail and first class U.S. Mail, I will send notification to the following counsel of record:

>Paul A. Duffy
>Prenda Law, Inc.
>161 North Clark Street, Suite 3200
>Chicago, IL 60601
>E-Mail: paduffy@wefightpiracy.com
>Attorney for Plaintiff

                              **KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
       Paul D. Ticen, Esq.
       404 S. Mill Ave, Suite C-201
       Tempe, Arizona 85281
       Attorney for Defendant