Kurt Opsahl, Esq. (Cal. Bar # 191303) (*pro hac vice*)
Mitchell L. Stoltz, Esq. (D.C. Bar # 978149) (*pro hac vice*)
Nathan D. Cardozo, Esq. (Cal. Bar # 259097) (*pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: kurt@eff.org

Paul D. Ticen, Esq. (AZ Bar # 024788)
Kelley / Warner, P.L.L.C.
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Tel: 480-331-9397
Fax: 1-866-961-4984
Email: paul@kellywarnerlaw.com

Attorneys for Defendant-Movant JOHN DOE "DIE TROLL DIE"

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRENDA LAW, INC.,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10<br><br>Defendant-Movant. | Case No. MC-13-00030-PHX-SRB<br><br>**NOTICE OF NON-OPPOSITION TO MOTION TO QUASH SUBPOENA; REQUEST FOR RULING**<br><br>[L.R. Civ. 7.2(i)] |

PLEASE TAKE NOTICE that Plaintiff-Respondent Prenda Law, Inc. has failed to serve or file the required answering memorandum in response to Defendant-Movant John Doe, a.k.a "Die Troll Die" ("DTD")'s Motion to Quash the Subpoena to Wild West Domains Seeking Identity Information (Dkt. No. 1). Pursuant to Local Rule of Civil Procedure 7-2(i), this failure to file an opposition constitutes Prenda Law's consent to the requested order (Dkt. No. 1-2). Therefore, for the reasons stated in DTD's previous filing (Dkt. No. 1), as well as the reasons set forth below, DTD respectfully asks this Court to grant the Motion to Quash.

## MEMORANDUM OF POINTS AND AUTHORITIES

DTD's motion to quash was filed on April 17, 2013 and served upon Plaintiff on April 18, 2013. Pursuant to Local Rule 7.2(c) and Federal Rule of Civil Procedure 6(d), Prenda Law's deadline to file a responsive memorandum was May 6, 2013. That date has come and gone, and Prenda Law failed to "serve and file the required answering memoranda." L.R.Civ. 7.2(i).

On May 7-8, 2013, counsel for DTD, in the course of an email exchange with Mr. Paul Duffy, counsel for Prenda Law, offered to stipulate to a reasonable extension of time for Prenda Law to respond. Declaration of Nathan Cardozo, ¶ 3, 4. Counsel for DTD asked Mr. Duffy to respond to this offer by May 10. *Id*., ¶ 4. Mr. Duffy failed to do so. *Id*., ¶ 5.

Prenda Law's failure to file a responsive memorandum "may be deemed a consent to the … granting of the motion and the Court may dispose of the motion summarily." L.R.Civ. 7.2(i); *Ching v. Lewis*, 963 F.2d 378 (9th Cir. 1992) (approving use of predecessor to L.R.Civ. 7.2(i)) on failure to respond to dismiss case); *see also Trice v. Clark County School Dist*., 376 Fed.Appx. 789, 790 (9th Cir. 2010) (unpublished) (affirming dismissal after party failed to file an opposition with time constraints of the District of Nevada's similar Local Rule 7-2(d)).

The decision whether to grant a motion pursuant to a local rule such as Local Rule 7.2(i) is within the district court's discretion. *Henry v. Gill Indus*., 983 F.2d 943, 950 (9th

Cir. 1993) (discussing predecessor to L.R.Civ. 7.2(i) in summary judgment context).  This Court may also elect to grant the pending motion on the merits.  *See e.g. Holt v. Countrywide Home Loans, Inc.* No. CV-11-812-PHX-JAT, 2012 WL 369591, *3 (D. Ariz. February 6, 2012) (unpublished) (dismissing under Rule 7.2(i) and "[b]ecause the Court agrees with and adopts Defendants' arguments in the Amended Motion to Dismiss, the Court also grants the Motion on the merits.")

Granting the motion on the merits is even more appropriate due to the recent "Order Issuing Sanctions" against Prenda Law in *Ingenuity 13 v. Does*, C.D. Cal. No. 12-cv-8333, 2013 WL 1898633 (May 6, 2013).[1]  In this sanctions order, the Central District of California court held Prenda Law, jointly and severally with its "Principals" (attorneys John Steele, Paul Hansmeier and Paul Duffy) and other affiliates, liable for over $80,000 in sanctions. *Id.* at *5.  In addition to the sanctions judgment against Prenda Law, the Court referred the matter to the Principals' "respective state and federal bars," "the United States Attorney for the Central District of California," "the Criminal Investigation Division of the Internal Revenue Service and will notify all judges before whom these attorneys have pending cases." *Id*.

The Court also found a number of facts that illustrate the impossibility of Prenda Law meeting its burden of showing viable claims in the lawsuit underlying its subpoena to Wild West Domains.[2]

- Prenda Law is "owned and controlled by the Principals." *Id*., *2.
- "For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort."  *Id.*

---

[1] DTD is filing a request for this Court to take judicial notice of this decision concurrently.
[2] As explained in DTD's Motion to Quash, among other hurdles, Prenda Law must introduce sufficient facts to show both that (1) the "gist or sting" of any statement construed to be a factual assertion is false and (2) that statements in its Complaint would have a different effect on the mind of the reader than the truth.

- "The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case. When pressed for discovery, the Principals offer only disinformation—even to the Court." *Id.*

- "The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for 'Popular Demand' using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13." *Id.* at *3.

- "Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies." *Id.*

- "The Principals' enterprise relies on deception. Part of that ploy requires cooperation from the courts, which could only be achieved through deception. In other words, if the Principals assigned the copyright to themselves, brought suit in their own names, and disclosed that they had the sole financial interest in the suit, a court would scrutinize their conduct from the outset. But by being less than forthcoming, they defrauded the Court." *Id.*

- "The Principals' web of disinformation is so vast that the Principals cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary." *Id.*

- "[T]here is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer from a form of moral turpitude unbecoming of an officer of the court." *Id.* at *5.

Indeed, if Prenda Law attempted to contest these findings of fact in the underlying litigation, it would be barred by the doctrine of issue preclusion, which prevents

"relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71, (1984); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008). The preclusive effect is not reduced because the Principals took the Fifth Amendment. *FDIC v. Daily (In re Daily),* 47 F.3d 365, 368 (9th Cir. 1995) ("the 'actual litigation' requirement may be satisfied by substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so.") (footnote omitted). Issue preclusion attaches even if Prenda Law elects to file an appeal. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988).

## CONCLUSION

For the reasons stated above, Defendant-Movant DTD respectfully requests that this Court quash Plaintiff-Respondent's subpoena to Wild West Domains.

RESPECTFULLY submitted this 15th day of May, 2013.

By:   /s/ Kurt B. Opsahl
Kurt Opsahl, Esq.
Mitchell L. Stoltz, Esq.
Nathan D. Cardozo, Esq.
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

Paul D. Ticen, Esq.
KELLY / WARNER, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281

Attorneys for Defendant-Movant
JOHN DOE "DIE TROLL DIE"

## CERTIFICATE OF SERVICE

I, Stephanie Shattuck, declare that I am employed in the city and county of San Francisco, California. My business address is 815 Eddy Street, San Francisco, CA 94109. I am over the age of 18 years and am not a party to the within action.

On May 15, 2013, at the above-referenced address, I served the foregoing document by placing the document in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing to the persons at the addresses set forth below:

Paul A Duffy
Prenda Law Incorporated
161 N Clark St., Ste. 3200
Chicago, IL 60601

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Dated: May 15, 2013

Stephanie Shattuck
Legal Secretary